**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MATTHEW LEE PHILLIPS,**

    **Plaintiff,**

v.                                                                                       **No. 22-cv-0357 SMV**

**LAS CRUCES SUN NEWS and
BETHANY FREUDENTHAL,**

    **Defendants.**

## SECOND MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

    THIS MATTER comes before the Court on pro se Plaintiff's Reply to Order to Show Cause [Doc. 10], filed May 25, 2022 ("Reply"). Plaintiff's Reply fails to show that the parties have diverse citizenship. Therefore, the Court orders Plaintiff to show cause no later than **July 7, 2022**, why this action should not be dismissed for lack of jurisdiction.

    Plaintiff alleges that he witnessed four individuals burglarizing his vehicle and the individuals assaulted Plaintiff. *See* Corrected Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, [Doc. 9] at 6, filed May 12, 2022 ("Amended Complaint"). The Third Judicial District Attorney's Office later filed criminal charges against Plaintiff based on Plaintiff's interaction with the individuals. *See* Amended Complaint [Doc. 9] at 6. Plaintiff alleges that Defendants Las Cruces Sun News and its journalist Bethany Freudenthal's report about the charges against Plaintiff slandered Plaintiff and led to the termination of Plaintiff's employment. *See* Amended Complaint [Doc. 9] at 6–13.

    The Court notified Plaintiff that it appeared this case should be dismissed for lack of jurisdiction because: (i) There was no properly alleged diversity jurisdiction as the Complaint

alleged that Plaintiff and all Defendants reside in New Mexico; and (ii) There was no properly alleged federal-question jurisdiction because the Complaint did not allege that this action arose under the Constitution, laws, or treaties of the United States.  *See* Order to Show Cause [Doc. 5], filed May 11, 2022.  The Court ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction.

In his Reply to the Order to Show Cause, Plaintiff states:

I do feel diversity jurisdiction is valid as to the journalist Bethany Freudenthal on Google search displays as a citizen of Hawaii at the time of this event.  As well as the Las Cruces Sun News is owned and operated by The Media News Group Gannett whom Office resides outside of New Mexico located at 7350 Jones Branch Drive Mclean, VA 22107-0150.

Reply [Doc. 10] at 1.  These allegations do not show diversity of citizenship.

As an initial matter, Plaintiff's allegations must show that both Defendants are diverse from him.  A federal court has original jurisdiction based on diversity if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "[T]he statutory formulation 'between . . . citizens of different States' . . . require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting *Caterpillar v. Lewis*, 519 U.S. 61, 68 (2005)).  To establish diversity jurisdiction, the allegations in Plaintiff's complaint would have to establish (in addition to the amount in controversy) that both Defendants are diverse.  His pleadings and Reply establish neither.

First, even if Bethany Freudenthal had been a citizen of Hawaii when the events giving rise to this action occurred, that would not make her diverse from Plaintiff for purposes of jurisdiction. "Federal jurisdiction is determined based on the facts as they existed *at the time the complaint was*

*filed*." *Ravenswood Inv. Co., LP v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (emphasis added). Plaintiff has not alleged that Bethany Freudenthal was a citizen of a State other than New Mexico at the time he filed his Complaint.

Second, Plaintiff's allegations about the citizenship of Las Cruces Sun News—even if true—are not adequate to show that it was a citizen of a State other than New Mexico at the time the Complaint was filed. For example, Plaintiff fails to allege what type of business entity the Las Cruces Sun News is, which dictates how its citizenship is determined. Assuming it is a corporation,[1] Plaintiff's allegations do not establish its citizenship outside of New Mexico. Even if it is a subsidiary of the Media News Group Gannett, and even if Media News Group Gannett is a citizen of Virginia, the allegations still fail to show that Las Cruces Sun News is a citizen of Virginia. "[T]he general rule is that a subsidiary corporation has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an "alter ego" or agent of the parent corporation." *Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1163 (10th Cir. 2005) (noting that the subsidiary in *Ultra Resources* was a separate legal entity from the parent corporation). Assuming Las Cruces Sun News is a partnership or limited liability company, Plaintiff would have to allege the citizenship of each and every member, but he has not. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Plaintiff's allegations do not establish Las Cruces Sun News's citizenship outside of New Mexico.

---

[1] "Corporations are citizens of the states in which they are incorporated as well as of states in which they have their principal places of business." *Webb v. Billy Madison Show*, 837 F. App'x 611, 613 (10th Cir. 2020) (citing 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business")).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff, no later than **July 7, 2022**, show cause why the Court should not dismiss this case for lack of jurisdiction.

**IT IS FURTHER ORDERED** that If Plaintiff maintains that the Court has jurisdiction over this case, Plaintiff must also, no later than **July 7, 2022**, file a second amended complaint alleging facts that support the Court's jurisdiction over this case.  The facts supporting the Court's jurisdiction must appear in the second amended complaint.  *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction").  Failure to timely show cause and file a second amended complaint may result in dismissal of this case without further notice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**